### WELCH v. STILES.

1. **Practice in the Supreme Court:** ASSIGNMENT OF ERROR: VERDICT. To sustain an assignment of error that the verdict was received when court was not in session and in the absence of appellant and his counsel, it must be made to appear affirmatively that neither the appellant nor his counsel were notified.

*Appeal from Fremont Circuit Court.*

### SATURDAY, OCTOBER 20.

ACTION in attachment to recover for house rent, etc. The defendant, Sophia Stiles, filed an answer denying all indebtedness to the plaintiff, and by way of counter-claim asked judgment against the plaintiff for damages for the wrongful suing out of the writ of attachment. The jury, by way of special verdict, found there was due the defendant as actual damages

for the wrongful suing out of the writ $351.50, and as exemplary damages $75. The verdict was received by the court at three o'clock in the morning and in the absence of the attorneys for the plaintiff. A motion for a new trial was made by the plaintiff, which was overruled, and judgment was rendered against the plaintiff and against his sureties upon his attachment bond, not only for the amount of actual damages sustained by the wrongful suing out of the attachment, but for the exemplary damages also. Plaintiff appeals.

*F. W. Lehmann* and *A. R. Brewer*, for appellant.

*A. R. Anderson* and *Wm. Eaton*, for appellee.

ADAMS, J.—I. The appellant assigns as error that the verdict was received in the night, when the court was not in regular session, and the jury discharged in the absence of the plaintiff and his counsel and without any notice to either of them. The evidence as to the time and manner in which the verdict was received is contained in the affidavit of one of the jurors. The affidavit shows that "the jury agreed upon the verdict at three o'clock A. M.; that they then sent for the judge of the court and he arrived and had them brought into the court room and then received their verdict and then and there discharged them; that there were present the judge of the court, the jury, and the bailiff who had them in charge, and none others." It will be seen that the affidavit does not establish the fact upon which the assignment of error is based. It does not appear that the plaintiff and his counsel were not notified, and in the absence of such showing we could not say that the verdict was irregularly received.

*1. PRACTICE in the supreme court: assignment of error: verdict.*

II. The only other error assigned is that the court erred in rendering judgment against the plaintiff's bondsmen for exemplary damages. Whether the court erred in that respect we need not determine. No exception was taken to the action of the court, and the question appears to be now raised for the first time. Such being the condition of the record the judgment of the court below must be

AFFIRMED.